EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LORETTA SHEEHAN #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00523HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM RE: PROCEDURE |
| | ) | IN HEARING TO REVOKE |
| v. | ) | SUPERVISED RELEASE; |
| | ) | CERTIFICATE OF SERVICE |
| JAMES BOHOL, | ) | |
| a.k.a. "Special K," | ) | Date: April 25, 2008 |
| | ) | Time: 11:00 A.M. |
| Defendant. | ) | Judge: Helen Gillmor |

<u>MEMORANDUM RE: PROCEDURE IN HEARING TO REVOKE SUPERVISED RELEASE</u>

The United States of America, through Assistant U.S. Attorney Loretta Sheehan, submits this Memorandum of Law in anticipation of issues which may be raised at the hearing to revoke the supervised release of the defendant, James Bohol, a.k.a. "Special K."

DISCUSSION

### A.  Procedure at the hearing to revoke supervised release

A hearing to revoke supervised release is not a criminal prosecution as contemplated by the United States Constitution.  As such, it differs significantly from a criminal trial.  First, the burden of proof carried by the government in hearings to revoke supervised release is preponderance of the evidence, not beyond a reasonable doubt.  Title 18, United States Code, Section 3583(e); United States v. Turner, 312 F.3d 1137, 1142 (9th Cir. 2002).  Second, Federal Rules of Evidence do not apply to hearings to revoke supervised release.  United States v. Walker, 117F.3d 417, 421 (9th Cir. 1997); see also Fed. R. Evid. 1101(d)(e)(federal rules of evidence do not apply to revocation of probation); cf. United States v. Comito, 177 F.3d 1166, 1170 (9th Cir. 1999)(parole, probation and supervised release revocation hearings are constitutionally undistinguishable and are analyzed in the same manner).  Third, the Sixth Amendment right to confrontation does not prohibit the admission of hearsay evidence, provided that the hearsay carries an indicia of reliability and the government has good cause for not producing the witness.  United States v. Hall, 419 F.3d 980, 988 (9th Cir. 2005); United States v. Martin, 984 F.3d 308, 312 (9th Cir. 1993).  Fourth, even admission of the "least reliable" type hearsay, i.e. testimonial hearsay, ordinarily prohibited from

admission under Crawford v. Washington, 541 U.S. 36 (2004), is admissible. United States v. Hall, 419 F.3d at 988.

Federal Rules of Criminal Procedure 32.1 (b)(2) outlines the rights provided to a person at a supervised release revocation hearing. A defendant has the right to:

> (A) written notice of the alleged violation;
> (B) disclosure of the evidence against the person;
> (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;
> (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
> (E) an opportunity to make a statement and present any information in mitigation.

Fed. R. Cr. P. 32.1(b)(2)(2007); United States v. Comito, 177 F.3d at 1170 (Supreme Court and Federal Rules of Criminal Procedure have extended same minimal due process rights to revocation hearings for supervised release, parole, and probation); see also Morrissey v. Brewer, 408 U.S. 471 (1972)(minimal due process requirements for parole revocation); Gagnon v. Scarpelli, 411 U.S. 778 (1973)(minimal due process requirements for probation revocation).

Hearsay is admissible in supervised release revocation hearings. Before admitting hearsay, the district court must conduct a balancing test. United States v. Comito, 177 F.3d at 1170. The district court must balance a releasee's interest in confrontation against the government's reasons for denying him confrontation. A releasee's interest in confrontation is high, for example, where the hearsay evidence is particularly

significant or where the hearsay evidence is of questionable accuracy. Id. at 1171. The government's reasons for denying confrontation must rise to the level of "good cause" before a court can deny a releasee the right to confront the witness against him. Id. at 1172. The Comito Court ruled that good cause must be determined by the reason offered by the government. "In some instances, more inconvenience or expense may be enough; in others, much more will be required." Id.

The Comito Court disapproved of the admission of hearsay where the government offered absolutely no reason for admitting the hearsay. Id. The Ninth Circuit reached the opposite conclusion, however, in United States v. Hall, 419 F.3d 980, 986-987 (9th Cir. 2005), a case where the government used hearsay evidence to prove that the defendant committed a crime of domestic violence in the context of a supervised release revocation.

In Hall, supra, the government proved that the defendant had assaulted his girlfriend through the testimony of four witnesses. First, Dr. Grover testified that the examined the victim and found injuries consistent with the victim's description of being slapped. Second, police officer Tagaban testified as to photographs he took of the victim's injuries which, she claimed, were caused by the defendant. Third, police officer Gross testified as to the hearsay provided to him by the

victim regarding the defendant's assault.  Fourth, probation officer Bergland testified as to voice mails which she received from the victim.  The victim never testified.  Id. at 983-984.  With the hearsay testimony, the district court sustained the allegation of domestic violence in violation of California law, and revoked supervised release.  Id. at 984.

On appeal, the defendant objected to the admission of the victim's hearsay statements, on two grounds.  First, he argued that the victim's hearsay statements should not have been admitted in light of Crawford v. Washington, supra..  Second, he argued that the government failed to establish good cause for not producing the witness sufficient to overcome the defendant's right to confrontation, under the balancing test outlined in United States v. Comito, supra.

The Hall Court rejected both arguments.  The Hall Court found, first, that Crawford did not preclude admission of non-testimonial hearsay at supervised release revocation hearings, because a supervised release revocation hearing is not a stage of a criminal prosecution, and Crawford and the Sixth Amendment apply only to criminal prosecutions.  United States v. Hall, 419 F.3d at 986.

The Hall Court next performed the Comito balancing test, i.e. it examined "the releasee's right to confrontation against the importance of the hearsay evidence to the court's

5

ultimate finding and the nature fo the facts to be proven by the hearsay evidence." Id.  The Hall Court approved the admission of the hearsay evidence on the first Comito prong, largely because it wasn't the sole evidence against the releasee.  "Because the nonhearsay evidence introduced at the evidentiary hearing alone as sufficient to sustain the domestic violence allegation, the hearsay evidence could not have significantly affected the court's ultimate finding." Id.  The Hall Court also found the second Comito prong satisfied, finding that the government had good cause for not producing a witness who apparently had left a St. Vincent de Paul shelter without a leaving forwarding address. Id. at 987.

The Hall Court also performed the Comito balancing test to determine whether the victim's hearsay should have been admitted to prove a second violation of supervised release, i.e. false imprisonment of the victim.  Again, the Hall Court found good cause to admit the hearsay.  In examining the first Comito prong, i.e. the nature of the facts to be proven by the hearsay, the Hall Court found the releasee's interest in confrontation to be minimal because the hearsay had been corroborated by non-hearsay evidence and, thus, carried the indicia of reliability. Id. at 987-988.

On the second Comito prong, the Hall Court found good cause for not producing the witness, because the government put

6

on evidence establishing that they had made efforts to locate her. The government had attempted to serve the victim at the shelter and had run a computer check. This, the <u>Hall</u> Court concluded, was good enough. <u>Id</u>. at 988.

      B.   <u>Procedure at sentencing after revocation of supervised release</u>

Title 18, United States Code, Section 3583(e) provides a list of eight permissible factors upon which a district court may rely in determining the appropriate sentence after revoking a defendant's supervised release. <u>United States v. Miqbel</u>, 444 F.3d 1173, 1181 (9th Cir. 2006). A district court is required, moreover, to place on the record, at sentencing, an adequate statement of its reasons for the sentence imposed. <u>Id</u>.

The eight factors which may be considered include:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need to afford adequate deterrence to criminal conduct;

3) the need to protect the public from further crimes of the defendant;

4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by

the applicable category of defendant as set forth in the guidelines that are in effect at the time;

    6) any pertinent policy statement issued by the Sentencing Commission in effect at the time;

    7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and

    8) the need to provide restitution to any victims of the offense.  Title 18, United States Code, Section 3583(e), citing Title 18, United States Code, Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

    DATED:  April  11 , 2008, at Honolulu, Hawaii.

                          EDWARD H. KUBO, JR.
                          United States Attorney
                          District of Hawaii

                          By  /s/ Loretta Sheehan
                             LORETTA SHEEHAN
                             Assistant U.S. Attorney

                          Attorneys for Plaintiff
                          UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

**Served Electronically through CM/ECF**:

    Stuart N. Fujioka, Esq.    April  11 , 2008
    stuart@snfaal.com

**Served by Hand-Delivery**:

    U.S. Probation Office    April  11 , 2008
    Attn:  Derek M. Kim
    300 Ala Moana Blvd., Room 2-215
    Honolulu, Hawaii 96850

      DATED:  April  11 , 2008, at Honolulu, Hawaii.

                                    /s/ Iris Tanaka