STUART N. FUJIOKA 4223
1188 Bishop St. #1006
Honolulu, HI 96813
ph.(808) 524-8833, fax 521-4221
e-mail: stuart@snfaal.com

Attorney for defendant James Bohol

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 27 2008

at 11 o'clock and 15 min. A.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>V.<br><br>James Bohol,          [03]<br>a.k.a. "Special K,"<br><br>Defendant. | Cr. No. 02-00523 HG<br><br>DEFENDANT JAMES BOHOL'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S 11/27/08 MOTION FOR UPWARD DEPARTURE; CERTIFICATE OF SERVICE<br><br>Hearing: 5/29/08<br>3:00 p.m.<br>The Hon. Helen Gillmor |

DEFENDANT JAMES BOHOL'S MEMORANDUM IN OPPOSITION TO THE
GOVERNMENT'S 11/27/08 MOTION FOR UPWARD DEPARTURE

Defendant opposes the Government's motion to resentence him
to 5 years incarceration.  He has already been in custody for 6
months, and should be released with modified conditions.

1.    Guidelines Significant

Citing U.S.S.G. §7B1.3(g)(2), the violation report indicates
that at criminal history category I, sanction range for grade C
violation is 3-9 months.  Even pre-Booker, this portion of the
Guidelines was never considered mandatory, but is entitled to
great weight.  See U.S. v. George, 184 F.3d 1119, 1121 (9th Cir.
1999).  Yet the failure to consider this policy statement would

ORIGINAL

be an abuse of discretion.  See Id. At 184 F.3d 1122.  This range appears more appropriate than the 5-year maximum suggested by the government.

2.    No New Crimes

As the goal of Supervised Release is prevention of recidivism, upward departure appears most applicable where the violations are similar to the original offense or otherwise constitute criminal conduct.  For example, a fraud defendant was given two years instead of the 5-11 month guideline range because of his violations relating to credit card application and car purchase.  U.S. v. Marvin, 135 F.3d 1129 (7th Cir. 1998).  Mr. Marvin had also left the jurisdiction four times and failed to report two arrests.  By contrast, Bohol has proven difficult to supervise, mainly because of his attitude and demeanor, which are explainable by behavior described as paranoid schizophrenic [see Exhibit F to the memorandum in response to OSC].  None of his alleged violations resemble his original offense of conviction. Nor do they constitute crimes.

3.    No Risk of Recidivism

2 years instead of the 8-14 month range was imposed in U.S. v. Tadeo, 222 F.3d 623 (9th Cir. 2000) for using narcotics failing to submit urine specimen 4 times, conviction of criminal trespass, failure to participate in substance abuse treatment and failure to notify regarding change of address.   Although his

2

conviction was for alien smuggling, the court departed upwards because the defendant had a history of criminal conduct spanning 20 years including sexual assault committed under the influence of drugs. The court found that Tadeo's use of narcotics presented the risk that he would commit serious crimes because of his prior criminal activity, including sexual offenses, occurred while he abused controlled substances.

At Criminal History Category VI, the court was unmoved by Tadeo's AIDS, along with serious depression and psychotic symptoms, including hallucinations. James Bohol is 39 years old, still in Criminal History Category I. This is the appropriate juncture at which to properly diagnose and treat him so that he does not encounter the problems like Mr. Tadeo, for whom help apparently came too late.

4.    Departure Unjustified

The Government's recommended increase from 3-9 months to 5 years is extraordinary.

> We have held in the past that "an extraordinary variance
> must be supported by extraordinary circumstances...." *United
> States v. Lyons*, 450 F.3d 834, 837 (8th Cir.2006); *see also
> United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir.2005).
> Red Feather makes much of the fact that the 30 month
> sentence imposed amounted to 272 percent of the upper end of
> the revocation range. Such an upward variance almost
> certainly is extraordinary" under our precedents. *See, e.g.,
> United States v. Reithemeyer,* 206 Fed.Appx. 644, 646, 2006
> U.S.App. LEXIS 29100, *5-*6 (8th Cir. Nov. 22, 2006) (upward
> variance from 12 months to 36 months deemed extraordinary);
> *United States v. Beal,* 463 F.3d 834, 836 (8th Cir.2006)
> (downward departure from 188 months to 104 months deemed
> extraordinary); *United States v. Likens,* 464 F.3d 823, 825-

26 (8th Cir. 2006) (100 percent downward variance deemed
extraordinary); *Dalton,* 404 F.3d at 1030 (downward departure
from 240 months to 60 months is extraordinary). Red
Feather's sentence, then, was reasonable only if there
existed extraordinary circumstances for varying so
drastically from the revocation range.

U.S. v. Red Feather, 479 F.3d 584, 587 (C.A.8 (S.D.), 2007).  In

comparison with other cases, Bohol's alleged violations are not

so extraordinary as to justify departure from the USSC's

recommendations.

Mr. Red Feather was sentenced for sexual assault of a 4

year-old girl.  He had a prior conviction for violent rape.  He

failed three times in sex offender treatment, and was so drunk at

the time of his crimes that he could not remember them.  While he

argued that his alcohol consumption violation was not

extraordinary, his past behavior reflected correlation between

alcohol abuse and egregious sexual misconduct and violence.  The

8th Circuit found that an extraordinary circumstances existed.

Bohol is accused of failing to work, missing two drug tests and

refusing to disclose his residence, all while committing no new

crimes.

5.  Allocution

Defendant is concerned that he will not be permitted to

speak at his hearing.  F.R.Cr.P. Rule 32 applies to sentencing

upon revocation of supervised release.  Deprivation of this right

is not harmless.  U.S. v. Patterson, 128 F.3d 1259, 60 (8th Cir.

197), U.S. v. Carper, 24 F.3d 1157, 1159-60, 1162 (9th Cir.

4

1997).  While his opportunity to speak has been limited in the
proceedings leading up to the hearing, defendant desires the
opportunity to speak in the upcoming proceedings.

6.   <u>Conclusion</u>

While James Bohol may be challenging to supervise, his
paranoid condition should be met with compassion and treatment
and not the extreme punishment recommended by the government.
Further incarceration will accomplish nothing beyond
incapacitating the defendant for a period of time.

Dated: Honolulu, Hawaii, May 27, 2008.

_____
Stuart N. Fujioka, attorney
for defendant

C:\Doc\Fedcrim\2008\Bohol\opp-upward.001.wpd

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>V.<br><br>James Bohol,    [03]<br>a.k.a. "Special K,"<br><br>    Defendant. | Cr. No. 02-00523 HG |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the
foregoing document was duly mailed, postage prepaid, or hand
delivered to:

    *Loretta Sheehan*
    *300 Ala Moana Blvd. Ste. 6100*
    *Honolulu, Hawaii 96850*
    *for the United States of America*

    *Derek Kim*
    *U.S. Probation*
    *300 Ala Moana Blvd. #2-215*
    *Honolulu, HI 96850*

Dated: Honolulu, Hawaii, May 27, 2008.

_____
Stuart N. Fujioka

C:\Doc\Fedcrim\2008\Bohol\certserv.001.wpd