IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES H. BOHOL, (03),<br>  aka "Special K,"<br><br>    Defendant. | Cr. No. 02-00523-03 HG |

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER VACATING STAY AND COMMITTING DEFENDANT FOR PSYCHIATRIC TREATMENT (DOC. 672)**

Defendant James H. Bohol was determined by the district court to lack the mental competence to assist in his own defense against alleged violations of his supervised release. Defendant appealed the order committing the Defendant to psychiatric treatment to the Ninth Circuit Court of Appeals. Pending the appeal, the Defendant's commitment was stayed by the district court. The Ninth Circuit Court of Appeals affirmed the commitment order and the district court lifted the stay. Defendant now moves to have the district court stay the commitment until he is afforded an opportunity to pursue an appeal before the United States Supreme Court.

There is no indication the Defendant will suffer irreparable harm if he begins his prescribed psychiatric treatment. The public's interest in having revocation proceedings proceed in a

1

timely manner weighs in favor of denying the Defendant's request for a stay.

DEFENDANT JAMES BOHOL'S MOTION TO RECONSIDER THE 6/8/11 ORDER VACATING STAY AND COMMITTING DEFENDANT FOR PSYCHIATRIC TREATMENT (Doc. 672), filed on June 14, 2011, is **DENIED**.

## BACKGROUND

On August 22, 2003, Defendant James H. Bohol was sentenced to a prison term of sixty-five months and a five-year term of supervised release for conspiracy to possess and distribute more than 50 grams of methamphetamine and more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841.

In February, 2007, Defendant was released from prison to the supervision of the U.S. Probation Office.

On November 20, 2007, Defendant was arrested for allegedly violating the terms of his supervised release. Defendant has remained in custody since his arrest.

After numerous delays and requests for continuances by the Defendant, on May 28, 2008 the Government moved for a judicial determination of the Defendant's mental competency. On June 5, 2008 the Defendant was ordered to undergo a psychological examination to determine his mental competency.

Defendant appealed the district court's Order to the Ninth Circuit Court of Appeals. The district court's Order was stayed

pending appeal.  The Ninth Circuit Court of Appeals affirmed the district court's order and the stay was lifted on November 18, 2008.

On July 22, 2009, per the district court's November 18, 2008 Order, a psychiatric forensic evaluation of the Defendant was filed.  The psychiatric forensic evaluation indicated that the Defendant suffers from a mental disorder that significantly impairs his ability to understand the nature and consequences of the court proceedings against him, and impairs his ability to properly assist in his defense.

The Defendant requested a hearing to challenge the psychiatric forensic evaluation.  After several delays and requests by the Defendant, the district court held a hearing on March 29, 2010.  At the hearing the district court heard uncontradicted testimony from a psychiatrist that the Defendant lacks insight into his mental health condition, is unable to focus on the nature of the proceedings taking place, advocates the pursuit of counter-productive legal theories, and is otherwise incapable of effectively assisting in his defense.

On June 25, 2010, the district court entered an order committing Defendant to the custody of the Attorney General of the United States for the purpose of undergoing appropriate medical treatment (hereafter, "Commitment Order").

On July 13, 2010, the Commitment Order was stayed pending an

appeal to the Ninth Circuit Court of Appeals.

On March 8, 2011, the Ninth Circuit Court of Appeals AFFIRMED the Commitment Order (Doc. 661). The Mandate issued on May 9, 2011. (Doc. 665.)

On June 1, 2011, a status conference was held, with Assistant U.S. Attorney William Shipley appearing for the United States, and Stuart Fujioka, Esq., appearing on behalf of the Defendant. The Defendant was not present, and his presence was waived by his counsel.

On June 8, 2011, pursuant to the Ninth Circuit Court of Appeal's mandate, the stay on the Commitment Order was vacated and the Defendant was ordered to undergo appropriate medical treatment for the purpose of restoring him to a condition of competence.

On June 14, 2011, Defendant filed "Defendant James Bohol's Motion to Reconsider the 6/8/11 Order Vacating Stay and Committing Defendant for Psychiatric Treatment" (Doc. 672).

On June 27, 2011, the Government filed an "Opposition to Defendants' Motion to Reconsider Order Vacating Stay and Committing Defendant for Psychiatric Treatment" (Doc. 676).

On June 28, 2011, the Defendant filed, "Defendant James Bohol's Reply to the Government's 6/27/11 Opposition to his Motion to Reconsider Order Vacating Stay and Committing Defendant for Psychiatric Treatment" (Doc. 677).

**DISCUSSION**

When a party moves to stay an order to allow them to appeal, the Court considers four factors: (1) is the party seeking the stay likely to succeed on appeal; (2) will the party seeking the stay suffer irreparable harm if the matter is not stayed; (3) will issuance of the stay substantially injure the other interested parties; and (4) the public interest. Leiva-Perez v. Holder, 640 F.3d 962, __ (9th Cir. 2011) (citing Hilton v. Braunskill, 481 U.S. 770 (1987)). The first two factors are the most critical. Id.

**(1) Success on the Merits**

The first consideration focuses on whether the party seeking the stay for the purposes of appeal is likely with succeed on the merits of the appeal. Id. When the party is seeking an appeal to the United States Supreme Court, the question focuses on whether "it is reasonably likely that four Justices of this Court will vote to grant the petition for writ of *certiorari*, and that, if they do so vote, there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." O'Brien v. O'Laughlin, 130 S. Ct. 5, 6 (2009) (Breyer, in chambers) (citing Hilton, 481 U.S. at 776).

In this case, there is a very small probability that the United States Supreme Court will grant a writ of *certiorari* to hear an appeal of the Commitment Order. During the hearing on

5

March 29, 2010, the district court heard uncontradicted testimony from a psychiatrist that the Defendant lacks insight into his mental health condition, is unable to focus on the nature of the proceedings taking place, advocates the pursuit of counter-productive legal theories, and is otherwise incapable of effectively assisting in his defense.  After an in-depth consideration of the evidence put forward by the parties, the district court concluded "that Defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense."

The Defendant has already appealed the Commitment Order to the Ninth Circuit Court of Appeals.  The Ninth Circuit Court of Appeals affirmed.  The Defendant now seeks an appeal to the United States Supreme Court.  Unlike his appeal to the Ninth Circuit Court of Appeals, Defendant's appeal to the United States Supreme Court is not a matter of right.

There is little indication that Defendant will be granted *certiorari* to appeal to the United States Supreme Court or that, if given the opportunity to appeal, he would succeed on the merits.  The Commitment Order is substantiated by a thorough review of the record and consideration of the evidence put forward by the parties at the hearing on March 29, 2010.  The Commitment Order, in addition, has already survived the scrutiny of the Ninth Circuit Court of Appeals.  The Defendant has not put

forward any compelling legal argument or reason why the United States Supreme Court would likely grant *certiorari* or reverse the Commitment Order. This factor, therefore, weighs against staying the Commitment Order while the Defendant seeks an appeal before the United States Supreme Court.

**(2) Irreparable Harm**

The Defendant must demonstrate that irreparable harm is probable if a stay is not granted. Nken v. Holder, 129 S. Ct. 1749, 1761 (2009). Here, the Defendant was determined to lack the mental competence to assist in his own defense. The Defendant has been ordered to undergo medical psychiatric treatment. Since the Defendant was arrested on November 20, 2007, he has been in custody. For approximately three and a half years, the Defendant has been in federal detention and has not received the psychiatric medical treatment he needs. If the Court entered a stay, it would only continue to prevent the Defendant from getting the treatment he needs. There is no indication that the Defendant will suffer irreparable harm by being required to undergo psychiatric medical treatment. This factor, therefore, weighs in favor of denying the Defendants request for a stay.

**(3 & 4)   Injury to Other Parties and Public Interest**

"As for the third and fourth factors—assessing how a stay would affect the opposing party and the interest of the

7

public—they merge where, as is the case here, the government is the opposing party."  Leiva-Perez, 640 F.3d 962 (citing Nken, 129 S. Ct. at 1762).

There is a strong public interest in ensuring that defendants receive fair and swift revocation of supervised release proceedings.  Valdivia v. Schwarzenegger, 2008 U.S. Dist. LEXIS 41397, at *26 (E.D. Cal. May 5, 2008) (citing Lopez v. Heckler, 713 F.2d 1432, 1437 (9th Cir. Cal. 1983)).  Due to the Defendant's mental illness, his revocation proceedings have never been fully resolved.  The Defendant has been determined to lack the mental competence to assist in his own defense.  Until the Defendant receives psychiatric treatment to render him competent, the Defendant will not receive his entitled due process.  The public interest in this case, therefore, weighs in favor of denying the Defendant's request for a stay.  To do otherwise would result in protracting the Defendant's revocation proceeding for no good reason.  The third and fourth factors weigh in favor of denying the Defendants request for a stay.

The factors the Court considers in determining whether to grant the Defendant a stay pending appeal to the United States Supreme Court weigh in favor of denying the Defendant's request for a stay.  There is a very small likelihood of the Defendant successfully appealing the Commitment order to the United States

Supreme Court.  There is no indication the Defendant will suffer irreparable harm if he is required to undergo prescribed psychiatric treatment.  The public interest does not support granting the Defendant's request for a stay.  Getting the Defendant the psychiatric treatment that he requires to render him competent to proceed with his revocation proceedings is in the public interest.

### CONCLUSION

Defendant's "Motion to Reconsider the 6/8/11 Order Vacating Stay and Committing Defendant for Psychiatric Treatment" filed on June 14, 2011 (Doc. 672) is **DENIED**.

IT IS SO ORDERED.

DATED July 13, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge


United States v. James H. Bohol; Cr. No. 02-00523-03 HG; **ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER VACATING STAY AND COMMITTING DEFENDANT FOR PSYCHIATRIC TREATMENT (DOC. 672)**